IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JIMMY LAMONT ROBERTS**   **PETITIONER**

**v.**   **No. 1:18CV188-SA-JMV**

**WILKINSON COUNTY CORRECTIONAL FACILITY**   **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jimmy Lamont Roberts for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Roberts has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

The instant case has a lengthy procedural history. On September 3, 2010, Jimmy Lamont Roberts pled guilty to statutory rape in the Circuit Court of Lowndes County, Mississippi, Cause No. 2008-351. *See* Exhibit A.[1] On September 3, 2010, the trial court entered its Sentencing Order, requiring Mr. Roberts to serve twenty (20) years in the custody of the Mississippi Department of Corrections ("MDOC") and five years of post-release supervision after release from confinement. *See* Exhibit B.

---

[1] The exhibits referenced in the instant memorandum opinion may be found in the State's motion [13] to dismiss.

Mr. Roberts signed his first motion for post-conviction relief on October 3, 2010,[2] in Lowndes County Circuit Court, Cause No. 2010-0114-CV1. Exhibit C. In that motion, he challenged his lawyer's actions regarding parole, his plea, his competency and discovery. *Id*. He also alleged that he was denied due process and was unable to prepare a defense. *Id*. On October 25, 2010, Mr. Roberts filed another document, alleging problems with his plea, violation of his right to confront a witness and the victim, and racism of the trial judge and his attorney. *Id*. He also requested records and transcripts in this filing. *Id*. On November 19, 2010, the Lowndes County Circuit Court dismissed the motion without a hearing, holding that Mr. Roberts made "blanket accusations with no proof[.]" Exhibit D. Mr. Roberts did not appeal the trial court's November 19, 2010, order denying post-conviction relief. Exhibit E. This post-conviction motion was signed on October 3, 2010, and dismissed on November 19, 2010.

Mr. Roberts signed his second motion for post-conviction relief on December 11, 2010,[3] in Lowndes County Circuit Court, Cause No. 2010-0114-CV1. Exhibit F. In that motion he raised claims of due process violations, issues with his plea, and lack of evidence. *Id*. He made an additional

---

[2] This motion was stamped as filed in the trial court on October 6, 2010, but it does not appear that Roberts signed the motion. Mississippi has adopted the prison mailbox rule. *See Sykes v. State*, 757 So. 2d 997, 1000–01 (Miss. 2000) ("pro se prisoner's motion for post-conviction relief is delivered for filing ... when the prisoner delivers the papers to prison authorities for mailing."). The State was unable to obtain Mr. Roberts mail log from the MDOC Inmate Legal Assistance Program (ILAP). The court has thus calculated the signature date by allowing the standard three days for United States Postal Service delivery, setting the date of filing at October 3, 2010.

[3] This motion was stamped as filed in the trial court on December 14, 2010, but it does not appear that Roberts signed the motion. As such, the court has calculated the signature date by allowing the standard three days for United States Postal Service delivery, setting the date of filing at December 11, 2010.

filing on December 30, 2010, alleging an involuntary plea, due process violations; he also requested his file from his attorney. *Id*. On February 23, 2011, the Lowndes County Circuit Court dismissed the motion without a hearing, finding that Roberts motion "raises issues not properly raised under § 99-39-1 *et seq*." Exhibit G. The docket in Lowndes County Circuit Court Cause No. 2010-0114-CV1 reflects that Roberts did not appeal the trial court's February 23, 2011, order denying post-conviction relief. *See* Exhibit E.

Mr. Roberts signed his third motion for post-conviction relief on August 22, 2011, which was filed on September 1, 2011, in Lowndes County Circuit Court, Cause No. 2010-0114-CV1. Exhibit H. This motion raised claims of ineffective assistance of counsel regarding the evidence and the plea, self-incrimination, and a request for records. *Id*. On November 30, 2011, the Lowndes County Circuit Court denied the motion, finding that Roberts "offered no specific facts as to how his counsel was ineffective, nor has he offered any proof that his counsel was ineffective." Exhibit I. The trial court further found that Roberts "allegations do not meet the standards of ineffective assistance of counsel set by *Strickland v. Washington*, 466 U.S. 668." *Id*. The docket in Lowndes County Circuit Court Cause No. 2010-0114-CV1 reflects that Roberts did not appeal the trial court's November 30, 2011 order. *See* Exhibit E.

### State Post-Conviction Motions Filed *After* the Federal *Habeas Corpus* Deadline Expired

Mr. Roberts is not entitled to statutory tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2) during the pendency of his remaining state post-conviction motions, which were all filed after April 19, 2012, the deadline for him to seek federal *habeas corpus* relief.

Mr. Roberts signed his fourth motion for post-conviction relief on March 11, 2014; it was filed on March 18, 2014, in Lowndes County Circuit Court, Cause No. 2010-0114-CV1. Exhibit J. This

motion sought an order for the clerk to provide copies of all pertinent records and transcripts in his criminal matter. *Id*. On May 30, 2014, the Lowndes County Circuit Court denied the motion. Exhibit K. Mr. Roberts did not appeal the trial court's order denying post-conviction relief. *See* Exhibit E, Docket for Lowndes County Circuit Court Cause No. 2010-0114-CV1. This post-conviction motion was signed on March 11, 2014, and dismissed on May 30, 2014.

On November 28, 2016, Mr. Roberts signed an "Application for Leave to Proceed in the Trial Court" and a "Motion for Post-Conviction Collateral Relief," which were filed with the Mississippi Supreme Court in Cause No. 2016-M-01701 on December 5, 2016. Exhibit L. This motion asserted claims of ineffective assistance of counsel, mental incompetence, and issues with his plea and sentence. *Id*. On February 15, 2017, the Mississippi Supreme Court dismissed this motion without prejudice for Roberts to file same in the trial court. Exhibit M.

Mr. Roberts then signed another "Application for Leave to Proceed in the Trial Court" and "Motion for Post-Conviction Collateral Relief" on July 1, 2017, which was filed in Mississippi Supreme Court Cause No. 2016-M-01701 on July 5, 2017. Exhibit N. In this document, Mr. Roberts argued the same issues as those in the November 28, 2016 motion (*see* Exhibit L) but added claims that the trial judge was prejudiced against him. Exhibit N. On July 26, 2017, the Mississippi Supreme Court filed an Order dismissing the application without prejudice to Roberts' ability to file it in the trial court. Exhibit O.

Mr. Roberts filed another motion for post-conviction relief on December 6, 2016,[4] in Lowndes County Circuit Court, Cause No. 2010-0114-CV1. Exhibit P. This motion asserted claims of civil

---

[4] This motion was stamped as filed in the trial court on December 9, 2016, but it does not appear that Roberts signed the motion. *See* n.8 and n.9, *supra*. As such, the court has calculated the

rights violations, including sexual misconduct by the prison guards and inmates at East Mississippi Correctional Facility (EMCF), and a request for a transfer. *Id.* On February 24, 2017, the Lowndes County Circuit Court dismissed the motion without a hearing, finding that the claims asserted in Roberts's motion are "not properly raised under § 99-39-1 *et seq.*," and that Roberts should proceed "through the Administrative Remedies Program at the Mississippi Department of Corrections before applying to the Circuit Court for relief." Exhibit Q. The docket in Lowndes County Circuit Court Cause No. 2010-0114-CV1 reflects that Mr. Roberts did not appeal the trial court's order. *See* Exhibit E. This post-conviction motion was signed on December 6, 2016, and dismissed on February 24, 2017.

Roberts filed another motion for post-conviction relief on August 20, 2017,[5] in Lowndes County Circuit Court, Cause No. 2010-0114-CV1. Exhibit R. This motion again asserted complaints regarding EMCF and issues with his confinement, including assertions that the officers were discriminating against him, that he was being sexually assaulted, and that he could not get blood work for tests or go to the hospital for lab work . *Id.* On August 31, 2017, the Lowndes County Circuit Court dismissed the motion without a hearing, finding that the allegations did not concern Mr. Roberts' conviction and thus were not properly raised under Miss. Code Ann. § 99-39-1, *et seq.*

---

signature date by allowing the standard three days for United States Postal Service delivery, setting the date of filing at December 6, 2016.

[5] This motion was stamped as filed in the trial court on August 23, 2017, but it does not appear that Roberts signed the motion. *See* n.8, n.9, and n.11, *supra*. As such, the court has calculated the signature date by allowing the standard three days for United States Postal Service delivery, setting the date of filing at August 20, 2017.

Exhibit S. Roberts attempted to appeal the trial court's order, but the Mississippi Supreme Court dismissed the appeal as untimely on May 10, 2018. Exhibit T.

Mr. Roberts signed another motion for post-conviction relief on April 2, 2018, which was filed on May 2, 2018, in the Lowndes County Circuit Court, Cause No. 2010-0114-CV1. Exhibit U. This motion raised several claims and complaints against Wilkinson County Correctional Facility (WCCF) and requested a reduction of his sentence. *Id.* On May 21, 2018, the Lowndes County Circuit Court dismissed the motion without a hearing, finding that it was without jurisdiction to entertain the matter, as Mr. Roberts' appeal was pending. Exhibit V. He did not appeal the trial court's order denying post-conviction relief. *See* Exhibit E.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

By statute, a criminal defendant in Mississippi may not pursue a direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Mr. Roberts' conviction therefore became final on September 3, 2010, the date on which the circuit court entered his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, Mr. Roberts' initial deadline to file a federal petition for a writ of *habeas corpus* became Tuesday, September 6, 2011.[6]

## Statutory Tolling under 28 U.S.C. § 2244(d)

Mr. Roberts is entitled to forty-eight (48) days of statutory tolling during the pendency of his October 3, 2010, motion for post-conviction collateral relief, which was dismissed on November 19, 2010. As such, his new federal *habeas corpus* deadline became Monday, October 24, 2011 (September 6, 2011 + 48 days = October 24, 2011).

He is also entitled to statutory tolling during the pendency of his post-conviction motion signed on December 11, 2010, and dismissed on February 23, 2011. Mr. Roberts is entitled to

---

[6] One year from September 3, 2010, the date the trial court sentenced Roberts on his guilty plea, was Saturday, September 3, 2011. Monday, September 5, 2011 was the Labor Day holiday; therefore, the initial deadline for Mr. Roberts' to seek federal *habeas corpus* relief became Tuesday, September 6, 2011.

seventy-five (75) days of statutory tolling during the pendency of that motion.[7] As such, the deadline for him to file his federal *habeas corpus* petition became Monday, January 9, 2012 (October 24, 2011 + 75 days = Saturday, January 7, 2012; the next business day being Monday, January 9, 2012).

Mr. Roberts is likewise entitled to statutory tolling during the pendency of his post-conviction motion signed on August 22, 2011. That motion was denied on November 30, 2011, and he is entitled to one hundred one (101) days of statutory tolling during the pendency of this motion. Hence, the deadline for Mr. Roberts to seek federal *habeas corpus* relief became Thursday, April 19, 2012 (January 9, 2012 + 101 days = Thursday, April 19, 2012).

Mr. Roberts is not entitled to statutory tolling of the one-year limitations period during the pendency of his post-conviction motions filed after April 19, 2012, the deadline for seeking federal *habeas corpus* relief. Thus, April 19, 2012, is the final deadline for Mr. Roberts to have filed a timely petition for a writ of *habeas corpus*, and he did not do so.

**Equitable Tolling**

In addition, Mr. Roberts is not entitled to equitable tolling of the one-year limitations period. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations

---

[7] Because the trial court found that the issues raised by Roberts in his second motion for post-conviction relief were not issues properly raised under Miss. Code Ann. § 99-39-1, *et seq.*, this motion was arguably not "properly filed" under 28 U.S.C. § 2244(d)(2). *See Wall v. Kholi*, 131 S.Ct. 1278, 1285-86 (2011) (A state court application that does not seek judicial review of a judgment or provide the state court with authority to order relief from a judgment generally will not toll the statute of limitations period.). Giving Mr. Roberts the benefit of the doubt, the court will allow seventy-five (75) days of statutory tolling during the pendency of this motion.

period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Mr. Roberts sought an appeal of his conviction and pursued various forms of post-conviction relief many times, but he did not seek *habeas corpus* relief in this court until six years past the deadline. He has offered no explanation for choosing to repeatedly pursue relief in

state courts, rather than file a federal petition for a writ of *habeas corpus*. Certainly, MDOC inmates are told in detail about state post-conviction and federal *habeas corpus* relief – and provided packets of information and legal assistance to guide them during the process through the Inmate Legal Assistance Program. *See Neal v. Bradley*, 2006 WL 2796404 (N.D. Miss. 2006). The packet includes an extremely detailed section explaining state and federal limitations periods – and the interplay between them. *Id*. Mr. Roberts had ample opportunity to seek federal *habeas corpus* relief in a timely fashion but did not do so. Thus, equitable tolling is not available to extend his deadline for seeking federal *habeas corpus* relief, which remains April 19, 2012.

**The Petition Is Untimely**

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on August 27, 2018, and the date it was received and stamped as "filed" in the district court on September 6, 2018. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed over six years after the April 19, 2012, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed

Under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 14th day of March, 2019.

       /s/ Sharion Aycock
       U. S. DISTRICT JUDGE